SUMMARY ORDER

Kenda Diallo, a native and citizen of Guinea, seeks review of a January 4, 2008 order of the BIA, affirming the October 31, 2006 decision of Immigration Judge (“U”) Theresa Holmes-Simmons, which denied his applications for asylum, withholding of removal, relief under the Convention Against Torture (“CAT”), cancellation of removal, and adjustment of status. In re Kenda Diallo, No. A73 673 978 (B.I.A. Jan. 4, 2008), aff'g No. A73 673 978 (Immig. Ct. N.Y. City Oct. 31, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA does not expressly “adopt” the IJ’s decision, but its brief opinion closely tracks the IJ’s reasoning, we *40 may consider both the IJ’s and the BIA’s opinions for the sake of completeness if doing so does not affect the Court’s ultimate conclusion. Jigme Wangchuck v. DHS, 448 F.3d 524, 528 (2d Cir.2006). We review the agency’s factual findings, including adverse credibility findings, under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); see also Xiu Xia Lin v. Mukasey, 534 F.3d 162, 165 (2d Cir.2008).[1]
As a preliminary matter, Diallo failed to challenge before the BIA the IJ’s pretermission of his untimely application for asylum, and her denial of his application for cancellation of removal and adjustment of status. Because BIA did not address the denial of that relief, and Diallo has not addressed it before this Court, we deem such claims abandoned. See Gui Yin Liu v. INS, 508 F.3d 716, 723 n. 6 (2d Cir.2007). Thus, we proceed to consider only the agency’s denial of Diallo’s application for withholding of removal and CAT relief.
Upon our review of the administrative record, we find that substantial evidence supports the IJ’s adverse credibility determination.[2] See Xiu Xia Lin, 534 F.3d at 165. The IJ properly found that Diallo’s testimony surrounding his arrest, detention, and hospital stay was dramatically different from his written application for asylum. Indeed, while Diallo claimed in his application that he was arrested in February 1990, and beaten and tortured until he was taken to a hospital a month later, he testified that he was beaten for only one day. Similarly, although Diallo stated in his asylum application that he simply left the hospital, he testified that he escaped by jumping out of a window. As we have held, “where ... a petitioner has provided two distinct, non-overlapping accounts of persecution, ... an IJ must ... rely on the commonsense observation that it is inconsistent for a petitioner to respond to the same question about the nature of his asylum claim with two entirely different responses.” Yun-Zui Guan v. Gonzales, 432 F.3d 391, 396, 397 n. 6, 399 n. 8 (2d Cir.2005). Under the REAL ID Act, it was proper for the IJ to rely on these inconsistencies in making her adverse credibility finding. See 8 U.S.C. § 1158(b)(1)(B)(iii); Xiu Xia Lin, 534 F.3d at 167; see Majidi, 430 F.3d at 80-81, 81 n. 1.
Contrary to Diallo’s assertion that his medical evidence demonstrated that he suffered persecution, the report he submitted indicated only that he alleged that he was hit with a wooden baton and a sharp metal object sixteen years earlier. Such evidence fails to establish a credible connection between his injuries and his claim of past persecution. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 342 (2d Cir.2006) (holding that the weight afforded to evidence lies largely within the discretion of the IJ).
Ultimately, the agency’s adverse credibility determination was supported by sub *41 stantial evidence where no reasonable fact-finder would be compelled to conclude to the contrary. See 8 U.S.C. § 1252(b)(4)(B); Xiu Xia Lin, 534 F.3d at 165-66. Thus, the agency’s denial of Dial-lo’s application for withholding of removal was proper. See 8 C.F.R. §§ 208.13(b), 208.16(b)(1). Moreover, because the only evidence that Diallo was likely to be tortured depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claim for CAT relief. See Xue Hong Yang v. U.S. Dep’t. of Justice, 426 F.3d 520, 523 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

. The asylum application in this case is governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, Pub.L. No. 109-13, 119 Stat. 231 (2005). See Title I, § 101(a)(3) of the Act, 119 Stat. 231, 303 (amending 8 U.S.C. § 1158); see also Xiu Xia Lin, 534 F.3d at 165. Thus, Diallo’s argument that the IJ was required to rely only on inconsistencies that bear a nexus to his asylum claim is unavailing. See Xiu Xia Lin, 534 F.3d at 165. Regardless, the IJ identified discrepancies that did go to the heart of Diallo’s claim.

. We note that the brief submitted by the Petitioner’s attorney, Theodore Vialet, is cursory at best and comes dangerously close to waiving any challenge to the agency's adverse credibility determination. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Further briefing of this quality may result in discipline.